## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANDRE DOYLE and
HOLLY DOYLE, h/w
767 Livezey Lane
Philadelphia, Pennsylvania 19128

           Plaintiffs,

   v.

GATTUSO FARMS INC.
309 Kings Highway
East Greenwich, New Jersey 08056

           Defendant.

NO.

**COMPLAINT AND JURY DEMAND**

## CIVIL ACTION - COMPLAINT

### THE PARTIES

1. Plaintiffs, ANDRE DOYLE and HOLLY DOYLE, h/w, are adult individuals and citizens and residents of the Commonwealth of Pennsylvania and reside at 767 Livezey Lane, Philadelphia, Pennsylvania 19128.

2. Defendant, GATTUSO FARMS INC., is a corporation or other business entity authorized and existing under the laws of the State of New Jersey, with its residency, domicile, and principal place of business located at 309 Kings Highway, East Greenwich, New Jersey 08056.

### JURISDICTION

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1332(a)(1) in that "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs,

and is between citizens of different States."

## VENUE

4. Venue over this action is appropriate in this matter pursuant to 28 U.S.C. 1391(a)(2), in the Eastern District of Pennsylvania in that: – it is where a substantial part of the events or omissions giving rise to the claim occurred.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS- NEGLIGENCE

5. Plaintiffs aver and incorporate by reference all of the allegations of Paragraphs 1 through 4, inclusive, and set forth the same as though said paragraphs were herein provided in full.

6. At all times material to this Civil Action, Defendant acted by and through, and was/is vicariously liable for all of the material and relevant conduct of its agent, servant, workman, or employee, Darren Anhalt, including the negligent conduct that is set forth in this Complaint.

7. At all times material to this Civil Action, Defendant, owned, operated, controlled, possessed, maintained and/or leased a 2012 Freightliner M2 106 truck bearing New Jersey license plate number V272537, VIN# 1VACXBS5CHBR6775, which was there and then being operated by Defendant's agent, Darren Anhalt.

8. On or about August 26, 2020, at approximately 4:30 p.m., Plaintiff, ANDRE DOYLE, was legally operating a 2019 Volkswagen Atlas bearing Pennsylvania license plate number LBK3277 and was stopped at a red light on Wissahickon Avenue at or about its intersection with West Rittenhouse Street, City of Philadelphia, County of Philadelphia, Commonwealth of Pennsylvania, when Defendant's vehicle, being operated as aforesaid, suddenly and without warning struck Plaintiff's vehicle causing Plaintiff to sustain the severe and permanent injuries and other losses hereinafter more fully set forth.

9. The aforesaid accident was caused by the negligence and carelessness of Defendant, and was, in no manner whatsoever, due to any act or failure to act on the part of the Plaintiffs.

10. The negligence and carelessness of Defendant, GATTUSO FARMS INC., consisted of the following:

    (a) Operating a motor vehicle at a high and excessive rate of speed under the circumstances;

    (b) Failing to have a motor vehicle under proper and adequate control;

    (c) Failure to use the highest degree of skill in the operation of a motor vehicle;

    (d) Failing to keep a proper lookout for others vehicles lawfully upon the highway;

    (e) Failing to exercise due care and caution under the circumstances;

    (f) Violating the Ordinances of the City of Philadelphia, County of Philadelphia and the Statutes of the Commonwealth of Pennsylvania governing the operation of motor vehicles upon the highway, including but not limited to, 75 Pa CSA §3301, et seq.;

    (g) Violating the Federal mandates and laws of the United States Department of Transportation (USDOT) including, but not limited to, 49 CFR §390.3, et seq. and 49 CFR §391.31, et seq.;

    (h) Violating the Federal Motor Carrier Safety Regulations (FMCSR) 49 CFR §300-399;

    (i) Violating the Assured Clear Distance Rule, 75 Pa CSA §3331;

    (j) Failing to properly train Darren Anhalt in the operation of said vehicle;

    (k) Darren Anhalt's failure to follow policies and procedures for the safe operation

of said vehicle, failure to take action to avoid the accident, and failure to remain in the proper lane of travel; and

(l) Failure to operate said vehicle with due care and respect for the safety of Plaintiff and other motorists lawfully using the roadway.

## COUNT I
## ANDRE DOYLE V. GATTUSO FARMS INC.

11. Plaintiff, ANDRE DOYLE, avers and incorporates by reference all of the allegations of Paragraphs 1 through 10, inclusive, and sets forth the same as though said paragraphs were herein provided in full.

12. As a result of the negligence, carelessness and recklessness of Defendants herein, jointly and/or severally, Plaintiff, ANDRE DOYLE, was caused to sustain injuries to the bones, joints, muscles, tendons, blood vessels and soft tissues throughout his entire body, including, but not limited to concussion, cervical strain, lumbar strain, contusion of the left knee, sprain of the left wrist and hand, post-traumatic headache, neck pain and stiffness, left knee pain, lower back pain and a severe shock to his nerves and nervous system; all of which said injuries have, in the past, and will, in the future, cause Plaintiff herein great pain and suffering, a serious impairment of his bodily functions and all of which are or may be permanent in nature.

13. As a further result of the negligence and carelessness of Defendants herein, Plaintiff, ANDRE DOYLE, has and will be obligated to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and he may be obligated to continue to expend such sums and to incur such expenditures for an indefinite period of time in the future, all to his great detriment and loss, which currently equals or exceeds **$29,234.23** and may continue to increase.

14. As a further result of this accident, Plaintiff, ANDRE DOYLE, has suffered medically determinable physical and/or mental impairment which prevents him from performing all or substantially all of the material acts and duties which constituted the Plaintiff's usual and customary activities prior to the accident.

15. As a direct and proximate result of the negligence of Defendant, Plaintiff, ANDRE DOYLE, has been and will in the future be obliged to expend large and various sums of money for medical treatment in an attempt to treat and cure himself of the aforesaid injuries.

16. As a direct and reasonable result of the negligence of Defendant, Plaintiff, ANDRE DOYLE, has or may hereafter incur other financial expenses which do or may exceed amounts which he may otherwise be entitled to recover.

17. As a further result of the negligence of Defendant, Plaintiff, ANDRE DOYLE, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

**WHEREFORE**, Plaintiff, ANDRE DOYLE, demands judgment in his favor and against Defendant, GATTUSO FARMS INC., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars together with interest, costs and reasonable attorney's fees.

## COUNT II
## HOLLY DOYLE V. GATTUSO FARMS INC.
## LOSS OF CONSORTIUM

18. Plaintiff, HOLLY DOYLE, hereby incorporates by reference the allegations contained in paragraphs 1 through 17 inclusive of this Civil Action as if the same were set forth herein more fully at length.

19. Solely as a result of the negligence and carelessness of the Defendant, acting as

aforesaid, Plaintiff, HOLLY DOYLE, is and will be caused to lose the society, comfort, companionship, support and consortium, of her husband, ANDRE DOYLE, for which she is entitled to recover from Defendants.

**WHEREFORE**, Plaintiff, HOLLY DOYLE, demands judgment in her favor and against Defendant, GATTUSO FARMS INC., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars together with interest, costs and reasonable attorney's fees.

## COUNT III
## PLAINTIFFS V. GATTUSO FARMS INC.
## RESPONDEAT SUPERIOR

20. Plaintiffs hereby incorporates by reference the allegations contained in paragraphs 1 through 19 inclusive of this Civil Action as if the same were set forth herein more fully at length.

21. Pennsylvania follows the general rule that "a master is liable for the torts of his servant if the servant's tortious conduct was within the scope of his employment."

22. At all times material to this Civil Action, Defendant acted by and through its agent, servant, workman or employee, Darren Anhalt, including the negligent conduct that is set forth in this Complaint, who was there and then acting within the course and scope of his employment for the Defendant and in furtherance of Defendant's business.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendant, GATTUSO FARMS INC., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars together with interest, costs and reasonable attorney's fees.

**JURY DEMAND**

Plaintiffs, ANDRE DOYLE and HOLLY DOYLE, h/w, demand a jury trial.

TABAKINWOLFE, LLP

BY: _____
BRAD S. TABAKIN, ESQUIRE
Attorney for Plaintiff
Identification No. 65649
E-mail: brad@twlegal.net


BY: _____
RICHARD A. WOLFE, ESQUIRE
Attorney for Plaintiff
Identification No. 78944
E-mail: rich@twlegal.net

1000 Germantown Pike, B3
Plymouth Meeting, Pennsylvania 19462
(215) 525-1616 - Office
(215) 525-5858 - Facsimile